IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARY L. "NICKI" M. BOLAND**                                                      **PLAINTIFF**

**VERSUS**                                                      **CAUSE NO.** 3:18-cv-718-DPJ-FKB

**MARSHALL FISHER AND RAY SIMS, II,**
In their Individual Capacities,                                                   **DEFENDANTS**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for retaliation for Plaintiff's exercising her First Amendment rights of free speech. Plaintiff also makes a claim against both Defendants for malicious interference with employment. The following facts support the action:

1.

Plaintiff MARY L. "NICKI" M. BOLAND is an adult resident citizen of 2018 Meadowbrook Road, Jackson, Mississippi 39211.

2.

Defendant MARSHALL FISHER is an adult resident citizen of Mississippi. Defendant Fisher may be at the Mississippi Department of Public Safety, 1900 East Woodrow Wilson Avenue, Jackson, Mississippi 39216.

Defendant RAY SIMS, II is an adult resident citizen of Mississippi. Defendant Sims may be served with process at the Mississippi Department of Public Safety, 1900 East Woodrow Wilson Avenue, Jackson, Mississippi 39216.

Defendants are sued in their individual capacities.

3.

This action is authorized by 42 U.S.C. § 1983, and by the First Amendment to the United States Constitution. This Court has jurisdiction under 28 U.S.C. § 1343, and under 28 U.S.C. § 1331. This Court has supplemental jurisdiction for Plaintiff's state law claims.

4

Plaintiff is an attorney. She was hired by the Department of Public Safety, and began work on October 15, 2015. During Plaintiff's employment, her job duties included working at the Mississippi Department of Public Safety, Division of Public Safety Planning, and the Criminal Information Center. In both departments, Plaintiff showed initiative, and displayed an eagerness to learn. Throughout her employment, Plaintiff received no information that she was performing a poor job, and no indication by Defendant that it was dissatisfied with her performance.

5.

On or about April 18, 2017, Plaintiff requested and was allowed to attend a meeting between the Department of Public Safety ("DPS") and the National Highway Transportation Safety Administration ("NHTSA"). There were allegations that DPS was misappropriating federal funds by officers writing "ghost" tickets. Two (2) DPS employees had previously been terminated allegedly for reporting these "ghost" tickets to NHTSA. DPS was concerned that this claim could jeopardize a federal grant that DPS received from the federal government. During the meeting, a representative from NHTSA stated, on two (2) occasions, that Mississippi was guilty of wrongdoing in regard to these "ghost" tickets.

6.

The next day, April 19, 2017, Plaintiff approached a member of NHTSA, with Defendant Ray Sims present, and asked him why NHTSA was alleging that Mississippi had done something illegal.  The NHTSA representative denied that he had said Mississippi had done anything illegal.  Plaintiff told him that she wrote it in her notebook, twice, and she could go get her notebook.  Plaintiff was then asked to leave the room.

7.

Defendant Sims reported this conversation to the Commissioner of DPS, Defendant Marshall Fisher, and falsely claimed that Plaintiff was unprofessional with the NHTSA representative.

8.

Two (2) days later, or about April 21, 2017, Plaintiff was informed that she was discharged.  No reason was given for her discharge.

9.

 Plaintiff filed a lawsuit against the Mississippi Department of Public Safety alleging race and gender discrimination.  *See* First Amended Complaint in *Boland v. Mississippi Department of Public Safety*, U.S.D.C. No. 3:17-cv-00803-LG-RHW, attached hereto as Exhibit "1."

10.

In response to a discovery request as to why Plaintiff was terminated, the first reason listed by DPS was this conversation Plaintiff had with the NHTSA representative on April 19, 2017.  DPS claims that Defendant Fisher made the decision to terminate Plaintiff.  Defendant Fisher admitted that he never talked to the NHTSA representative or Plaintiff, and the sole source of what allegedly happened at this meeting was from Defendant Sims.

11.

Plaintiff was speaking to the NHTSA representative about a matter of public concern to an agency outside the DPS. As such, it is protected speech by a citizen. Because Plaintiff's protected speech to a NHTSA representative was a motivating factor in Plaintiff's termination, Defendants Fisher and Sims violated Plaintiff's First Amendment rights. Further, Defendants Fisher and Sims maliciously interfered with Plaintiff's employment with DPS, in that they caused her to be fired for reasons that were in bad faith, and not related to Plaintiff's job performance.

12.

Plaintiff has suffered lost income, and mental anxiety and stress as a result of Defendants' actions.

13.

Defendants Fisher and Sims are liable to Plaintiff for violation of Plaintiff's First Amendment rights, and for maliciously interfering with her employment with DPS.

## **REQUEST FOR RELIEF**

Plaintiff requests actual and punitive damages in an amount to be determined by a jury and reasonable attorney fees.

RESPECTFULLY SUBMITTED, this the 17th day of October, 2018.

          MARY L. "NICKI" M. BOLAND, Plaintiff

     By: */s/ JIM WAIDE*
        Jim Waide, MS Bar No. 6857
        waide@waidelaw.com
        Ron Woodruff, MS Bar No. 100391
        rwoodruff@waidelaw.com
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street (38804)
        Post Office Box 1357
        Tupelo, MS  38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile

        ATTORNEYS FOR PLAINTIFF