IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY L. "NICKI" M. BOLAND                                        PLAINTIFF

VERSUS                                    CAUSE NO. 3:17-CV-00803-LG-RHW

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY                          DEFENDANT

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

This is an action to recover actual damages for sex discrimination, race discrimination and sex and race discrimination. The following facts support the action:

1.

Plaintiff MARY L. "NICKI" M. BOLAND is an adult resident citizen of 2018 Meadowbrook Road, Jackson, Mississippi 39211.

2.

Defendant MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY is a political subdivision of the State of Mississippi. Defendant may be served with process upon the Attorney General, Jim Hood, at Carroll Gartin Justice Building, 450 High Street, Jackson, Mississippi 39201, and upon the Commissioner of the Mississippi Department of Public Safety, Marshall L. Fisher, at 1900 East Woodrow Wilson Avenue, Jackson, Mississippi 39216. Defendant is an arm of the State of Mississippi.

EXHIBIT 1

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended in 1991.

4

Plaintiff is an attorney. She was hired by Defendant and began work on October 15, 2015.

5.

On or about April 21, 2017, Plaintiff was informed that she was discharged by Defendant's chief counsel, Jim Younger, white male, and the Director of Division of Public Safety Planning, Ray Simms, black male. No reason was given for Plaintiff's termination.

6.

During Plaintiff's employment, her job duties included working at both the Mississippi Department of Public Safety, Division of Public Safety Planning, and the Criminal Information Center. In both departments, Plaintiff showed initiative, and displayed an eagerness to learn. Throughout her employment, Plaintiff received no information that she was performing a poor job, and no indication by Defendant that it was dissatisfied with her performance.

7.

A few months before Plaintiff was discharged, Defendant hired two (2) male attorneys, John G. "Trae" Sims, III, and John W. "Jay" Eads. Both of these new attorneys were hired approximately four (4) months before Plaintiff's discharge.

8.

Both of the new male attorneys, Sims and Eads, were paid more than Plaintiff, and were given job titles indicating that their positions were more significant than that of Plaintiff.

9.

After Plaintiff's discharge, Eads, whom Plaintiff had instructed on the job duties of the office, took over Plaintiff's position as attorney at the Mississippi Department of Public Safety, Division of Public Safety Planning, and the Criminal Information Center.

10.

There is no legitimate, non-discriminatory reason why Plaintiff would have been discharged while Defendant retained two (2) male attorneys, who were junior to Plaintiff, and who had far less job experience, except for Plaintiff's sex, female. Defendant has not assigned any legitimate, non-discriminatory reason for discharging Plaintiff and replacing her with an attorney whom she trained, and who had substantially less experience with Defendant than did she.

11.

Further, shortly after Ray Simms became Interim Director for the Division of Public Safety Planning, he terminated three (3) white females in approximately two (2) months, who worked in the Division. In early 2017, Simms told Plaintiff that he was no longer the interim, but instead, the Executive Director. After becoming Executive Director, Simms terminated two (2) other white females, the final one being Plaintiff. The fact that Plaintiff was not black, but instead, a white female was at the least, a motivating factor in her termination.

12.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

13.

Plaintiff was discriminated against because she is white, is a female, and is a white female. Further, Plaintiff was paid significantly less than the two (2) similarly situated male attorneys who were hired after her.

14.

Plaintiff has suffered lost income, and mental anxiety and stress as a result of Defendant's actions.

15.

**REQUEST FOR RELIEF**

Plaintiff requests actual damages in an amount to be determined by a jury, reinstatement to her employment, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 7th day of March, 2018.

                MARY L. "NICKI" M. BOLAND, Plaintiff

By:   */s/ RON L. WOODRUFF*
       Ron L. Woodruff, MS Bar No. 100391
       waide@waidelaw.com
       WAIDE & ASSOCIATES, P.A.
       332 North Spring Street (38804)
       Post Office Box 1357
       Tupelo, MS 38802-1357
       (662) 842-7324 / Telephone
       (662) 842-8056 / Facsimile

       ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**Benny M. May, Esquire**
**Office of the Mississippi Attorney General**
**Civil Litigation Division**
**Post Office Box 220**
**Jackson, MS 39205-0220**
bemay@ago.state.ms.us
JSPIL@ago.state.ms.us
CMARK@ago.state.ms.us

DATED, this the 7th day of March, 2018.

/s/ Ron L. Woodruff
Ron L. Woodruff

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 423-2017-01504 |
| | | and EEOC |

*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.): Mrs. Mary L. "Nicki" Boland
**Home Phone** (Incl. Area Code): (601) 946-5018
**Date of Birth**: 12-19-1954

**Street Address**: 2018 Meadowbrook Road, Jackson, MS 39211

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: MS DEPARTMENT OF PUBLIC SAFETY
**No. Employees, Members**: 500 or More
**Phone No.** (Include Area Code): (601) 987-1212

**Street Address**: P.O. Box 958, Jackson, MS 39205

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 04-21-2017
Latest: 04-21-2017
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I had worked for the Respondent as an Attorney Senior since October 15, 2015. Between October 2016 and April 2017, the new Executive Director of Public Planning, Ray Sims (Black, male) terminated the employment of 4 White female employees, including myself. On April 21, 2017, I met with Sims and Jim Younger (White, male, Chief Counsel), and my employment was terminated. Prior to my termination, I received a 10 percent performance increase in wage. I believe I was terminated because of my race (White) and sex (female).

Between October 2016 and April 2017, Sims also terminated the employment of the following other White, female employees: Penny Corn (Director of Office of Highway Safety), Twyla Jennings (Director of Media & Marketing), Virginia Stubbs (Office of Highway Safety) and Mary Lukens (Department of Juvenile Justice). When I was terminated, I was not allowed to retrieve my personal belongings, including my intellectual property. Additionally, I was the only female Attorney within the agency.

I believe I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: May 01, 2017
Charging Party Signature: *Mary L. "Nicki" Boland*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

RECEIVED MAY 01 2017 U.S. EEOC/JAC

Exhibit "A"

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Ms. Mary L. Boland<br>2018 Meadowbrook Road<br>Jackson, MS 39211 | From: Jackson Area Office<br>100 West Capitol Street<br>Suite 338<br>Jackson, MS 39269 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 423-2017-01504 | William Jones Jr., J.D.<br>Federal Investigator | (601) 948-8407 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_Wilma Jones Scott_   7/18/17

Enclosures(s)       Wilma Scott,          (Date Mailed)
              Director

cc: Ms. Natalie Holmes
Human Resources Legal Liaison
MS DEPARTMENT OF PUBLIC SAFETY
P.O. Box 958
Jackson, MS 39205

Exhibit "B"
2